EZEKIEL HUM and another *v.* THE UNION BANK OF LOUISIANA.

The provision of art. 2976 of the Civil Code that "the attorney is answerable for the person substituted by him to manage in his stead, if the procuration do not empower him to substitute," implies that he is not answerable if it did so empower him ; and the power is implied whenever the principal knew that the mandatary would be obliged to act by a substitute.

Bills of exchange and promissory notes are generally placed with a bank for collection, with a notary for protest, and with an attorney to be put in suit. In such cases where the bank, the notary, or the attorney is *omni exceptione major,* an agent who may have received the note for collection, will not be responsible for their neglect or misconduct.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

MARTIN, J. The Union Bank is appellant from a judgment, by which the plaintiffs have recovered the amount of a note sent to it for collection, payable in Natchez, and by it sent for collection to a bank there, which received the amount and afterwards failed to pay it over. The evidence shows that the bank was in the habit of collecting notes sent by the plaintiffs, who reside in Philadelphia, and charged a commission therefor. The note reached New Orleans on the 22d of February; was sent to the Commercial Bank of Natchez immediately, and notice thereof given to the plaintiffs on the next day. The defendants resist the claim on the ground that they employed a competent and solvent agent, in good credit at the time, to collect the money. The court was of opinion "that there are many cases in which this plea would be a good defence. If a bank employ a notary of good standing to protest a bill, or a merchant place a note for collection in the hands of an attorney of good standing, they would not be responsible for the conduct of a person so selected as they are obliged to employ persons of that description, licensed by law. But with regard to commercial agencies it is otherwise. The defendants were at liberty to decline the agency, and there was sufficient time between the 22d of February and the 22d of March, to have notified the plaintiffs to appoint some other agent. If the time had been too short for the purpose, they might have forwarded the note for collection to some proper agent at Natchez, and have notified immediately the plaintiffs that they had done so, *at his risk;* but when they undertook the agency themselves, and declared their intention to charge a commission for it, they bound themselves for the acts and conduct of the agent whom they selected."

The judge, in our opinion erred. There is no evidence that the notes sent by the plaintiffs to the defendants for collection, theretofore, were payable at a distance from New Orleans. The defendants, on receiving the note, immediately expressed their unwillingness to attend to the collection of notes payable out of the city. The Civil Code, art. 2976, provides that " the attorney is answerable for the person substituted by him to manage in his

stead, if the procuration did not empower him to substitute." This is an affirmative pregnant with the negative, that he is not answerable if the procuration did empower him to substitute. This power is implied, whenever the principal knows that the mandatary will necessarily be obliged to act by a substitute. The plaintiffs knew that the bank could not go personally to Natchez, nor send its cashier there, because his absence would have been extremely inconvenient to them, and his travelling expenses burthensome to the plaintiffs; so that they could not expect that the defendants would resort to any other than the ordinary mode of collection, to wit: the agency of a bank at the place where the note was payable. The power of using another bank as a substitute, was, therefore, implied. The judge appears to think that the defendants might have declined the agency, as it was of a different kind from that in which it had been theretofore employed. It does not appear to us that this would have been safe, as there was not sufficient time. The note was sent from Philadelphia on the 8th, and reached New Orleans on the 22d, being fourteen days on its way. It was payable on the 22d of March, twenty-eight days after it reached the bank. It is, therefore, probable that it would have required fourteen days to return to Philadelphia and probably as many to come from thence to Natchez; so that the least failure in the mail might have prevented its timely protest. The judge thinks that the plaintiffs ought to have been informed that the note was sent to the Commercial Bank at Natchez *at their risk*. We are unable to see the utility of this. If the law and the circumstances rendered the defendants obnoxious to the risk, they could not have transferred it to the plaintiffs and liberated themselves from it by informing them that the note was at the plaintiffs' risk. In commercial matters, bills and notes are generally, we might almost say, universally placed in a bank for collection, in a notary's office for protest, in that of an attorney, to be put in suit. In either case, when the bank, the notary, or the attorney is, *omni exceptione major*, the agent who received the note is free from responsibility, on account of the neglect or misconduct of the bank, the notary, or the attorney.

It is therefore ordered, that the judgment of the Commercial

Court be annulled and reversed, and that ours be for the defendants, with the costs in both courts.

*Potts*, for the plaintiffs.

*H. R. Denis*, for the appellants.